UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE ALBA,

                            Plaintiff,

           -against-                                    23-cv-8619 (LAK)

CITY OF NEW YORK, et al.,

                            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/03/25

**MEMORANDUM OPINION**

LEWIS A. KAPLAN, *District Judge.*

       This is an action, principally under 42 U.S.C. § 1983, arising from plaintiff's arrest, prosecution, and detention after he stabbed and killed a man at the convenience store where plaintiff worked.[1] The matter is before me on two motions to dismiss—one by defendant City of New York together with eight named individual defendants[2] and one by defendant New York County District Attorney Alvin Bragg[3]—and a motion for leave to file a second amended complaint.[4] Magistrate

---

[1] Dkt 41.

[2] Dkt 50. Although the motion is stylized as a motion for judgment on the pleadings, the memorandum in support of the motion is framed as a motion to dismiss under Rule 12(b)(6), *Id.* at 6–7, and defendants have not filed an answer, *see* Fed. R. Civ. P. 12(c) (motions for judgment on the pleadings allowed only "[a]fter the pleadings are closed"). The Court therefore treats the motion as one seeking dismissal under Rule 12(b)(6).

[3] Dkt 54.

[4] Dkt 64.

Judge Barbara Moses recommended that Claims 1–8 and 10–14 be dismissed with prejudice and Claims 9 and 15 without prejudice, and that plaintiff's motion for leave to amend be denied.[5]

The Court agrees with the magistrate's well considered report and recommendation, except that plaintiff's claims should not be dismissed with prejudice. This memorandum and order assumes familiarity with the pleadings and the motions papers. It deals exclusively with issues concerning the report and recommendation to the extent necessary to decide the pending motion.

*I. Materials that May Be Considered*

As an initial matter, the Court notes that materials outside the body of the complaint have been placed before it. As noted in the report and recommendation, the Second Circuit repeatedly has authorized district courts to consider "materials incorporated in [the complaint] by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint."[6] Documents are incorporated by reference when a complaint "explicitly refers to and relies upon" them.[7] "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint."[8]

---

[5] Dkt 73 at 69.

[6] *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

[7] *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004).

[8] *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)).

Here, the magistrate judge properly considered videos of the incident at the center of the suit ("store videos") and of the interrogations of Mr. Alba and another witness ("interrogation videos").[9] The FAC explicitly refers to and relies upon the store videos to support its false arrest and malicious prosecution claims.[10] The store videos therefore are incorporated by reference into the FAC. The FAC relies heavily also upon the content of the interrogation videos because it characterizes their contents and, based on them, alleges that NYPD detectives knew that they lacked probable cause to arrest Mr. Alba.[11] The interrogation videos are integral to the complaint and the Court may consider them to confirm what Mr. Alba and the witness told NYPD detectives in the interrogations before Mr. Alba was charged.

Video footage incorporated by reference or integral to the complaint is properly considered at this stage of proceedings. In *Garcia v. Does*, the Second Circuit left open the question of "whether Fed. R. Civ. P. 10(c), which provides that a 'written instrument' included as an exhibit to a pleading 'is a part of the pleading for all purposes,' extends to videos . . . ."[12] But in a subsequent nonprecedential opinion, *Norales v. Acevedo*, a Second Circuit panel affirmed a district

---

[9] Dkt 73 at 22–27.

[10] *See* FAC at ¶ 6 ("This conclusion [that plaintiff acted in self-defense] was apparent to anyone who watched the video, which was immediately available on the evening of the incident. The information, videos and evidence that conclusively demonstrated that Plaintiff had acted in self-defense was available to the detectives, police officers and DA Bragg's office when plaintiff was arrested and before Alba was charged and arraigned."); *id.* at ¶ 49 (alleging that the Criminal Complaint against Mr. Alba "misrepresented the video of the incident").

[11] FAC at ¶¶ 46–47.

[12] 779 F.3d 84, 87 n. 2 (2d Cir. 2015).

4

court's consideration of video evidence integral to the complaint in ruling on a Rule 12(b)(6) motion.[13] District courts within the Second Circuit in large part have sided with *Norales* in allowing for the consideration of video footage in ruling on Rule 12(b)(6) motions.[14] Accordingly, the Court refuses to disregard documents incorporated into or integral to the FAC simply because they are videos.

This decision does not adopt an inflexible view that a video is always conclusive evidence of what occurred. "[W]hen the record includes a video that the parties concede is *authentic and accurate*, as is the case here, [the Court] views the allegations of the complaint as true only 'to the extent that they are not contradicted by video evidence.'"[15] Where the parties dispute the authenticity, accuracy, or completeness of a video in portraying relevant events, it may not be a basis for disregarding the truth of allegations in a complaint. Here, plaintiff does not contest the accuracy or material completeness of the videos or argue that defendants wrongly relied on the store videos and the answers given in interrogations. Instead, the FAC alleges that defendants lacked probable cause to arrest and charge plaintiff *because* of what they saw on the videos and heard in the interrogations.[16] The Court therefore need not credit allegations in the complaint that are contradicted by the store videos and the interrogation videos.

---

[13] No. 21-549, 2022 WL 17958450, at *2 (2d Cir. Dec. 27, 2022) ("The district court's consideration of the surveillance video . . . was not erroneous.").

[14] Dkt 73 at 25 (collecting cases).

[15] *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017) (emphasis added) (quoting *Garcia*, 779 F.3d at 88)).

[16] FAC at ¶¶ 6, 46–47, 49.

In consideration of the FAC and the videos, and for the reasons set forth in the report and recommendation, the magistrate correctly concluded that plaintiff has failed to allege facts showing that defendants lacked probable cause to arrest him at the scene of the stabbing or lacked probable cause to charge him the next day.

*II. Plaintiff's Motion to Amend and Dismissal with Prejudice*

In conjunction with his opposition to defendants' motions, plaintiff moved for leave to file a second amended complaint.[17] The motion, however, does not include as an exhibit a copy of the proposed amended pleading as required by this Court's rules.[18] The Court therefore is unable to determine what changes plaintiff proposes to make or whether those changes would be futile.[19] The motion for leave to amend therefore should be denied.

At the same time, consistent with Rule 15's command that the Court "should freely give leave when justice so requires,"[20] the Court will not deny plaintiff a final opportunity to move for leave to amend his pleadings. Such a motion must comply with Local Rule 15.1(a) and explain why any proposed amendments would not be futile in light of this memorandum and order.

---

[17] Dkt 64.

[18] Local Civil Rule 15.1(a).

[19] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[20] Fed. R. Civ. P. 15(a)(2).

6

*Conclusion*

Defendants' motions to dismiss (Dkt 50 and Dkt 54) are granted and plaintiff's motion for leave to amend (Dkt 64) is denied. This ruling is without prejudice to a motion, filed no later than January 24, 2025, for leave to amend the complaint. Any such motion must include (1) a clean copy of the proposed amended complaint, (2) a redlined version of the proposed amended complaint showing all changes from the FAC, and (3) a memorandum addressing why the amendments would not be futile.

SO ORDERED.

Dated:   1/3/25

_____
Lewis A. Kaplan
United States District Judge