UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
JOSE ALBA,

                              Plaintiff,

              -against-                                     23-cv-8619 (LAK)

CITY OF NEW YORK, et al.,

                              Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 08/21/2025

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action, principally under 42 U.S.C. § 1983, arising from plaintiff's arrest, prosecution, and detention after he stabbed and killed a man at the convenience store where plaintiff worked.[1] On January 3, 2025, the Court granted defendants' motions to dismiss but afforded plaintiff an opportunity to move for leave to amend his pleadings.[2] After plaintiff moved for leave to amend,[3] Magistrate Judge Barbara Moses issued a thorough report and recommendation ("R&R") recommending that the motion be denied because the amendments in the proposed second amended

---

[1] Dkt 41.

[2] Dkt 87.

[3] Dkt 88.

complaint ("PSAC") would be futile.[4]

The Court has reviewed the R&R and the parties' submissions with care. It is firmly of the view that the R&R's conclusions are correct in all material respects.

In his objection to the R&R, plaintiff lodges sundry objections that rehash arguments made before the magistrate and in the motion to dismiss briefing: (1) plaintiff is entitled to discovery to determine the identities of additional defendants, (2) District Attorney Bragg is not entitled to absolute immunity because he was acting as an investigator, as an administrator, "for personal reasons," without probable cause, and without any colorable claim of authority, (3) the PSAC alleges plausibly that there was no probable cause to arrest and prosecute plaintiff, (4) the alleged omission of certain facts from the criminal complaint against plaintiff and the failure to turn over *Brady* material gives rise to a claim for denial of a fair trial, (5) the PSAC need not allege that similarly situated comparators were subject to different treatment for its equal protection claims to survive, (6) individual City defendants are not entitled to qualified immunity, (7) plaintiff is entitled to discovery to develop his failure to intervene claim, (8) District Attorney Bragg and the City are liable for Bragg's participation in plaintiff's prosecution, and (9) plaintiff alleged a viable conditions of confinement claim because he was exposed to a risk of contracting COVID-19 and not provided sufficient medical care.

The R&R ably dispatches with each of these arguments. (1) Additional discovery would serve no purpose where plaintiff has not stated claim showing that he is entitled relief.[5] (2)

---

[4] Dkt 107.

[5] Dkt 107 at 13.

3

District Attorney Bragg's challenged conduct was undertaken in his role as an advocate and therefore he is entitled to absolute immunity.[6] (3) The PSAC does not allege any new facts supporting the absence of probable cause to arrest and probable.[7] (4) The PSAC does not allege plausibly that evidence against plaintiff was fabricated or that defendants failed to disclose favorable evidence to him in time for its effective use at trial.[8] (5) The PSAC does not allege facts supporting an inference of discriminatory purpose, requiring dismissal of the equal protection claims.[9] (6) Based on the facts alleged in the PSAC, there was arguable probable cause to arrest and prosecute plaintiff and individual City defendants therefore were entitled to qualified immunity. (7) The PSAC does not state a valid failure to intervene claim,[10] making additional discovery on this claim pointless. (8) The equal protection claims against Bragg are barred by prosecutorial immunity and the City is not liable for his conduct because he was acting on behalf of the State.[11] And (9) the conditions of confinement claim fails because the PSAC does not allege sufficiently that (a) the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and (b) any

---

[6] *Id.* at 15–23.

[7] *Id.* at 38–43.

[8] *Id.* at 45–51.

[9] *Id.* at 32–33.

[10] *Id.* at 56–57.

[11] *Id.* at 15–23, 29.

4

defendant had direct and personal involvement in any alleged constitutional violation.[12]

As the foregoing demonstrates, the R&R contains no error of fact or law. Accordingly, plaintiff's motion for leave to file the proposed second amended complaint (Dkt 88) is denied. The Clerk shall close the case.

SO ORDERED.

Dated:     August 21, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[12] *Id.* at 51–55.